UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILANDES WILLIAMS,

    Plaintiff,

                                                                 Case Number 11-12375

v.                                                      Honorable Thomas Ludington

ROBERT STERBA, et al.,

    Defendants.
    _____/

**<u>OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE MICHELSON'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE</u>**

Plaintiff Philandes Williams, a Michigan Department of Corrections ("MDOC") inmate proceeding pro se, brought this case pursuant to 42 U.S.C. § 1983 alleging that current and former MDOC Officers Robert Sterba, A. Gonzales, Brian Patrick and Nick Ludwick violated his constitutional rights by retaliating and conspiring to retaliate against him for filing a grievance against Officer Sterba. The retaliation, according to Plaintiff, was the improper issuance of a major misconduct charge against him for "threatening behavior" which resulted in Plaintiff being placed in segregation, losing privileges and earned disciplinary credits and being denied parole. The case was referred to Magistrate Judge Laurie Michelson for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 9.

Judge Michelson completed her report and recommendation on October 7, 2011. ECF No. 25. Judge Michelson concluded that Defendants' motions for summary judgment should be granted because the MDOC determination that Plaintiff was guilty of the major misconduct charge precludes his retaliation claims, Plaintiff was not deprived of any protected liberty interest nor did he suffer

a significant, atypical deprivation to establish a due process claim, and because Defendants Ludwick and Patrick did not violate Plaintiff's constitutional rights by virtue of their alleged inaction. Plaintiff filed an objection to the report and recommendation on October 28, 2011. ECF No. 29.

This Court agrees that Plaintiff cannot establish the causation element of his retaliation claim, that Plaintiff was not deprived any protected liberty interest nor did he suffer a significant, atypical deprivation to establish a due process claim, and that Defendants Ludwick and Patrick did not violate Plaintiff's constitutional rights by virtue of their alleged inaction. Accordingly, the Court will overrule Petitioner's objections, adopt Judge Michelson's report and recommendation, grant Defendants' motions for summary judgment, and dismiss Plaintiff's claims with prejudice.

**I**

Plaintiff is currently an inmate at the Baraga Maximum Correctional Facility in Northern Michigan but at all times relevant to the claims in this case was housed at the St. Louis Correctional Facility in St. Louis, Michigan ("SLF"). Defendant Sterba was a Resident Unit Officer ("RUO") at SLF. From November 2008 through December 1, 2009, Defendant Sterba issued at least five (5) Misconduct Reports against Plaintiff for various offenses.

On December 3, 2009, Plaintiff filed an Administrative Grievance against Officer Sterba alleging that two days earlier, on December 1, 2009, Sterba had confronted him in an aggressive manner and challenged him to a fight. Plaintiff also sent letters to SLF Warden Nick Ludwick ("Ludwick") and Inspector Brian Patrick ("Patrick") asking for their help in preventing this incident from escalating further. The entirety of Plaintiff's grievance (SLF 09-12-1600-17a) reads:

> Officer Sterba made a challenge towards me to fight him. I have no problem with that except for the charges of assault that would be placed on me afterwards for beating him senseless. This officer does not like me and the feeling is mutual. But he is unable to act professional and do his job without going outside [of] bounds.

> When he moved to H-Block from 3-Block we had a conversation where we both were going to start fresh and leave old incidents behind us. He has reneged on this agreement by taunting me to fight him and by calling me derogatory names. After a challenge to physically fight all that's left is for the actual fight to take place.

ECF No. 14 Ex. C. The grievance was reviewed by the SLF Assistant Resident Unit Supervisor ("ARUS") Ms. Gonzales. Prior to responding, Gonzales sent the grievance to Sterba on December 7, 2009, requesting that he answer the allegations.

That same day, after reviewing the grievance, Sterba filed a Major Misconduct Report against Plaintiff charging that the contents of the grievance constituted "threatening behavior." Sterba described the offense as follows in the Misconduct Report:

> On [December 7, 2009] while answering a grievance (copy attached) submitted and signed by Prisoner Williams #213589, I discovered the following written statements in the grievance: "I have no problem with that except for the charges of assault that would be placed on me afterwards for beating him senseless" and "after a challenge to physically fight, all that's left is for the actual fight to take place." It is clear in the grievance that the prisoner is referring to myself.

ECF No. 14 Ex. D. As a result of this charge, Plaintiff was removed from the housing unit and placed in temporary segregation pending the outcome of a Major Misconduct Hearing.

The hearing on Plaintiff's misconduct charge was held on December 15, 2009 and, after having an opportunity to respond to the charge, a Michigan Department of Corrections Hearing Officer found Plaintiff guilty of threatening behavior. The Hearing Officer explained

> I find that prisoner's words and actions express intent to injure or physically abuse another person. Prisoner pleads not guilty based on his assertion the grievance does not express intent to injure. His assertion is without merit. He writes of beating an officer senseless. The charge is upheld.

*Id.* After eight days in segregation Plaintiff was returned to the general population. Based on the Hearing Officer's finding, however, Plaintiff was sanctioned to 30 days loss of privileges and forfeiture of 60 days earned disciplinary credits.

After the hearing, Plaintiff claims that he spoke with Inspector Patrick about Sterba's alleged harassment of him. Plaintiff also asserts that he wrote Patrick letters indicating that Sterba filed the major misconduct charge in retaliation for his earlier grievance against Sterba, which is against prison policy, and asking Patrick to investigate the matter. Plaintiff claims that Patrick did nothing in response to Plaintiff's requests.

On December 28, 2009, Plaintiff received a parole denial from the Parole Board that had been signed on December 16, 2009 – the day after he was found guilty of the threatening behavior misconduct charge. The next day, on December 29, 2009, ARUS Gonzales found that Plaintiff's December 3, 2009, grievance against Sterba could not be resolved at Step I because investigation of the issues revealed that Plaintiff provided no verifiable proof or evidence indicating that staff acted in an unprofessional manner and because Plaintiff had been found guilty of threatening behavior. For the same reasons, Warden Ludwick denied Plaintiff's Step II appeal on February 9, 2010 and his decision was upheld at Step III in May, 2010.

Approximately one year later, Plaintiff filed the instant case alleging First, Fourteenth and "possibly" Eighth Amendment violations. ECF No. 1. The essence of Plaintiff's claims is that Sterba filed the major misconduct charge against him solely in retaliation for Plaintiff filing a grievance against Sterba and, after Plaintiff made Defendants Patrick and Ludwick aware of the misconduct, those two defendants did nothing to help him. Plaintiff further claims that as a result of the retaliation he was (1) wrongfully segregated, (2) lost privileges for 30 days as well as 60 days of earned disciplinary credits and (3) was denied parole.

**II**

Plaintiff has made three objections to the magistrate judge's report and recommendation.

Each will be discussed separately below.

## A

Plaintiff first objects to Judge Michelson's recommendation that the MDOC finding that Plaintiff was guilty of the major misconduct charge precludes his retaliation claim. Judge Michelson concluded that Plaintiff could not establish the causation element of a retaliation claim, which requires being able to prove that "the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Judge Michelson notes that the crucial inquiry is whether the motivating factor for the misconduct charge was improper retaliation for exercising a protected right or proper punishment for violation of prison rules. Because Plaintiff was found guilty of the major misconduct charge, this inquiry is resolved in favor of the Defendants. *See Jones v. Barnett*, No. 05-73673, 2007 U.S. Dist. LEXIS 10058, at *10 (E.D. Mich., Feb. 14, 2007) (citing *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005). In other words, the motivating factor for the misconduct charge in the instant case was proper punish punishment for a violation of prison rules.

Plaintiff argues that the motivating factor for the misconduct charge was based solely on his exercising a protected right by filing a grievance. Plaintiff's focus is on the fact that he did not violate any prison rule by virtue of filing a grievance and that he did not misuse the grievance policy as evidenced by his grievance being accepted and examined. These assertions, however, are unrelated to the fact that Plaintiff was found responsible for threatening behavior by the Hearing Officer because of the statements he included in his grievance expressing an intent to injure Serba. Plaintiff's objection offers no additional evidence or legal authority to suggest that Judge Michelson was incorrect in concluding that the motivating factor for the misconduct charge in the instant case

was proper punishment for a violation of prison rules. Because Plaintiff's first objection is not sufficient "to alert the Court to alleged errors on the part of the magistrate judge," it will be overruled. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

**B**

Plaintiff's second objection is to Judge Michelson's conclusion that Plaintiff was not deprived of a protected liberty interest nor did his misconduct conviction result in a significant, atypical deprivation to support his Eighth and Fourteenth Amendment claims. Plaintiff contends that being punished for exercising his constitutional right to file a grievance is atypical punishment. This argument has already been addressed above, and will be overruled.

Plaintiff also argues that because his chance for parole was reduced, this "could count as a related injury." ECF No. 29 at 14. The Sixth Circuit, however, "has repeatedly noted that 'there is no constitutional or inherent right of a convicted person to be conditionally released e.g., paroled before the expiration of a valid sentence.' " *Swihart v. Wilkinson*, 2006 WL 3368823, *2 (6th Cir. 2006). Likewise, Michigan's statutory and regulatory parole scheme " 'has not created a constitutionally protected liberty interest.' " *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994). Plaintiff's objection on this ground will be overruled.

Regarding the dismissal of his Eighth Amendment claim, Plaintiff objects because Judge Michelson concluded that Plaintiff could not prove an unspecified Eighth Amendment claim in the future. While it is true that a pro se litigant's claim "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (internal quotations and citation omitted), the Court agrees with Judge Michelson's conclusion Plaintiff has not

articulated factual allegations to support an Eighth Amendment claim and his objection will be overruled.

C

Finally, Plaintiff objects to Judge Michelson's conclusion that Plaintiff's claims against Ludwick and Patrick should be summarily dismissed because Plaintiff has alleged a failure to act and not active unconstitutional behavior. Judge Michelson noted that a party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, there are no facts establishing that Defendants Ludwick and Patrick were personally involved in the activity which forms the basis of Plaintiff's claims of retaliating and conspiring to retaliate against him for filing a grievance. Plaintiff argues that it has not yet been established that Ludwick and Patrick were not involved with the major misconduct charge filed against him. Plaintiff was advised by an unidentified individual that "someone had signed off" on the major misconduct charge that Serba had filed, which meant that Serba was given the "go ahead" to file the charge by a supervisor. ECF No. 29 at 16. Plaintiff believes that either Ludwick or Patrick could be the supervisor that approved Serba's major misconduct charge against Plaintiff.

Because the motivating factor for the misconduct charge against Plaintiff was a result of proper punishment for a violation of prison rules, Plaintiff has not established that either Ludwick or Patrick personally participated in, or otherwise authorized approved or knowingly acquiesced in, the allegedly unconstitutional conduct even if one of the men did "sign[] off" on Plaintiff's misconduct charge. *See Shehee*, 199 F.3d at 300. Moreover, Plaintiff's claim is premised on the fact

that he alerted Ludwick and Patrick about Serba issuing the misconduct charge but took no corrective action; Plaintiff's claim is not premised on the fact that one of the men approved the charge. Plaintiff's third objection will be overruled.

### III

Accordingly, it is **ORDERED** that Plaintiff's objections (ECF No. 29) are **OVERRULED**.

It is further **ORDERED** that Judge Michelson's report and recommendation (ECF No. 25) is **ADOPTED**.

It is further **ORDERED** that Defendants' motions for summary judgment (ECF Nos. 14, 17) are **GRANTED**.

It is further **ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

Dated: December 16, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Philandes Williams, #213589 at Marquette Branch Prison, 1960 U.S. Hwy 41 South, Marquette, MI 49855 by first class U.S. mail on December 16, 2011.

                                       s/Tracy A. Jacobs
                                       TRACY A. JACOBS